# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Ocala Division

**TERRY LEE ODOM,**                                     CASE NO.:

*Plaintiff,*

**v.**

**VERIZON WIRELESS SERVICES, LLC, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES LLC,**

*Defendants,*

_____/

## PLAINTIFF'S COMPLAINT
### JURY DEMAND

1.      Plaintiff, Terry Lee Odom (hereinafter "Plaintiff" or Ms. Odom") brings this action against Defendants, Verizon Wireless Services, LLC ("Verizon"), Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian") and Equifax Information Services LLC ("Equifax") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (hereinafter "FCRA").

2.      Plaintiff further alleges violation of the Florida Consumer Collection Practices Act, Florida Statute §559.72 *et. seq.* (hereinafter "FCCPA") against Verizon.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

4.    Supplemental jurisdiction exists for Plaintiff's FCCPA claims pursuant to 28 U.S.C. § 1367.

5.    Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Marion County, Florida.

## PARTIES

6.    Plaintiff is a natural person who, at all times relevant to this action is and was a resident of Marion County, Florida and is a "consumer" as defined by 15 U.S.C. § 1681a(c) and Florida Statute §559.55(8).

7.    Defendant Verizon is a Delaware corporation registered to conduct business in the State of Florida with a principal place of business located at One Verizon Way, Basking Ridge, NJ 07920.

8.    Defendant Verizon is a "debt collector" within the meaning of Florida Statute §559.55(7).

9.    Verizon use instrumentalities of interstate commerce for the purpose of furnishing information on specific trade accounts to the three national consumer reporting agencies, Trans Union, Equifax, and Experian (collectively "credit reporting agencies").

10.    These instrumentalities of interstate commerce are largely electronic, written, or telephonic communications which have effects on consumers and their credit reports within the State of Florida.

11.    Defendant Trans Union is a limited liability company incorporated under the laws of the State of Delaware, whose members are citizens of the state of

Illinois. Trans Union is authorized to do business in and regularly conducts business in the State of Florida and engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

12.    Defendant, Experian is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

13.    Defendant, Equifax is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

## STATUTORY FRAMEWORK
### THE FCRA

14.    The Fair Credit Reporting Act, 15 U.S.C. §1681 *et*. *seq*., was originally enacted in 1970 for the purpose of regulating the collection, dissemination, and use of consumer credit information.

15.    Congress found that "[i]nnacurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine

the public confidence which is essential to the continued functioning of the banking system." *See* 15 U.S.C. §1681(a)(1).

16.    "The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. The consumer has a right to information which is accurate; he has a right to correct inaccurate or misleading information; he has a right to know when inaccurate information is entered into his file; he has a right to see that the information is kept confidential and is used for the purpose for which it is collected; and he has a right to be free from unwarranted invasions of his personal privacy." The Fair Credit Reporting Act seeks to secure these rights." Hearings on S. 823 Before the Subcomm. on Financial Institutions of the S. Comm. on Banking and Currency, 91st Cong. 2 (1969).

17.    A "furnisher of information" provides information about consumers' credit history to credit reporting agencies. *See* 15 U.S.C. §1681s-2.

18.    "Furnishers of information" under the FCRA, pursuant to 15 U.S.C. §1681s-2(b) to conduct a reasonable investigation into each of the written disputes that it receives from the credit reporting agencies. *See Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016).

19.    Congress also found that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that "[t]here is a need to insure that consumer

reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See* 15 U.S.C. § 1681(a)(3),(4).

20.    The FCRA requires credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of" consumer reports. 15 U.S.C. § 1681e(b). If a consumer disputes information contained in their credit report, the FCRA requires a credit reporting agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." *See* 15 U.S.C.S. § 1681i(a)(1)(A).

21.    In performing the reinvestigation, the FCRA requires a credit reporting agency to "review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." *See* 15 U.S.C.S. § 1681i(a)(4).

22.    If the disputed information is inaccurate or incomplete or cannot be verified, the consumer reporting agency "shall...(i)  promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii)  promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." *See* 15 U.S.C. § 1681(a)(5)(A)(i),(ii).

23.     The FCRA provides a private right of action against any person that violates the provisions of the FCRA. *See* 15 U.S.C. §§ 1681o, 1691n.

24.     If the violation is negligent, the FCRA allows the consumer to recover actual damages (§ 1681o(a)); however, if the violation is willful, the consumer may recover any actual damages or statutory damages from not less than $100.00 and not more than $1,000. *See* 15 U.S.C. § 1681n(a).

25.     Under the FCRA, the term "consumer report" generally refers to any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for:

      a.     credit or insurance to be used primarily for personal, family, or household purposes;

      b.     employment purposes; or

      c.     any other purpose authorized under section 1681b of this title.

*See* 15 U.S.C. § 1681a(d)(1).

26.     The terms "consumer report", "credit report", and "consumer credit report" are used synonymously herein.

**The FCCPA**

27.    The FCCPA's goal is to "provide the consumer with the most protection possible." *See LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1192 (11th Cir. 2010) (citing Fla. Stat. § 559.552).

28.    The FCCPA provides that no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." *See* Fla. Stat. § 559.72(9).

29.    "The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part." *See* Fla. Stat. §559.77(2).

30.    As a consumer, Mr. Gustafson has a private right of action against Capital One and Sallie Mae pursuant to Florida Statute §559.77(2), which provides that "[a]ny person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages . . . not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff." (omissions added).

## FACTUAL ALLEGATIONS

31.    Ms. Odom is a victim of identity theft and has been disputing fraudulent information with the credit reporting agencies since at least 2023.

32.    The fraudulent information includes, but is not limited to, a Verizon collection account, personal identifying information and inquiries.

33.    Verizon was Ms. Odom's wireless service provider.

34.    Ms. Odom noticed that her Verizon billing statements included charges that she did not recognize or authorize and informed Verizon that she was not responsible for the charges.

35.    Verizon continued to hold Ms. Odom responsible for these unauthorized charges which led her to close her account in or around November 2022.

36.    Verizon subsequently reported a collection account with a balance of $775 to Ms. Odom's credit reports with Trans Union, Equifax and Experian.

37.    On or about March 26, 2024, Ms. Odom mailed a dispute letter with supporting documents to Defendants Trans Union and Experian disputing the Verizon account along with inaccurate personal identifying information, and fraudulent hard and soft inquiries.

38.    Upon information and belief, one or more of the credit reporting agencies also forwarded Ms. Odom's dispute letter to Verizon.

39.    Defendant Trans Union sent Ms. Odom correspondence dates April 2, 2024 stating that it was refusing to block the fraudulent information because it believed that Ms. Odom's request was made in error or is a misrepresentation of material facts.

40.    In subsequent credit reports dated May 16, 2024, June 11, 2024 and September 22, 2024 Defendant Trans Union continued to report inaccurate information about Ms. Odom including the Verizon account, an address, four

telephone numbers and three hard inquiries that she disputed in her March 26, 2024 letter.

41.    On or about April 4, 2024, Defendant Experian sent Ms. Odom an email requesting additional supporting documentation for proof of identity.

42.    In a subsequent credit report dated June 12, 2024 Defendant Experian continued to report inaccurate information about Ms. Odom including the Verizon account and a hard inquiry that she disputed in her March 26, 2024 letter.

43.    On or about October 18, 2024, Ms. Odom mailed a dispute letter with supporting documents to Defendants Trans Union, Experian and Equifax disputing the Verizon account along with inaccurate personal identifying information, and fraudulent hard and soft inquiries.

44.    Upon information and belief, one or more of the credit reporting agencies also forwarded Ms. Odom's dispute letter to Verizon.

45.    Defendant Trans Union sent Ms. Odom correspondence dates November 1, 2024 requesting additional documents for proof of address.

46.    In a subsequent credit report dated January 10, 2025 Defendant Trans Union continued to report inaccurate information about Ms. Odom including inaccurate employer, hard inquiries and account review inquiries that she disputed in her October 18, 2024 letter.

47.    In a subsequent credit report dated January 13, 2025 Defendant Experian continued to report inaccurate information about Ms. Odom including an inaccurate address that she disputed in her October 18, 2024 letter.

48.    In a subsequent credit report dated December 5, 2024 Defendant Equifax continued to report inaccurate information about Ms. Odom including the Verizon account and a hard inquiry that she disputed in her October 18, 2024 letter.

49.    Despite Plaintiff's exhaustive efforts to date, Defendants continue to include inaccurate information in Ms. Odom's credit files which negatively reflects upon Ms. Odom's financial obligations, credit score and credit worthiness to existing and potential creditors.

50.    As a result of Defendant's conduct, Plaintiff suffered mental and emotional distress, damage to her reputation for credit worthiness, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

51.    Courts have regularly held that allegations of lower credit scores, taken as true, are sufficient to allege a concrete injury-in-fact for the purposes of standing under Article III. *See Pedro v. Equifax, Inc.,* 868 F.3d 1275 (11th Cir. 2017) ("[H]er credit score dropped 100 points as a result of the challenged conduct. Because Pedro alleged that she suffered an injury in fact, she has standing to pursue her complaint."); *See Diedrich v. Ocwen Loan Servicing, LLC,* 839 F.3d 583 (7th Cir. 2016) (standing where Plaintiffs alleged that they "have suffered

damage to their credit and been forced to pay Ocwen greater payments and a higher interest rate"); *See Santangelo v. Comcast Corp.*, 162 F. Supp. 3d 691 (N.D. Ill. 2016) ("a depleted credit score is sufficient to constitute an injury-in-fact for the purposes of establishing Article III standing"); *See Binns v. Ocwen Loan Servicing, LLC*, No. 14- 01764, 2015 U.S. Dist. LEXIS 132743, 2015 WL 5785693, at *9 (S.D. Ind. Sept. 30, 2015) ("injuries to plaintiffs' credit scores and reputations were considered intangible harms"); *See Rothman v. U.S. Bank Nat'l Ass'n*, No. 13-03381, 2014 U.S. Dist. LEXIS 141100, 2014 WL 4966907, at *5 (N.D. Cal. Oct. 3, 2014) ("Injury to a credit score is sufficient to constitute 'actual damages'"); *See Green v. RentGrow, Inc.*, No. 2:16cv421, 2016 U.S. Dist. LEXIS 166229 ("A decrease in credit score may still establish an injury in fact sufficient to confer standing"); *See Adams v. Fifth Third Bank*, No. 3:16-CV-00218-TBR, 2017 U.S. Dist. LEXIS 18932 (W.D. Ky. Feb. 9, 2017) ("Plaintiffs' allegations of lower credit scores ... are sufficient to allege a concrete injury-in-fact for the purposes of standing under Article III."); and, *See Coulbertson v. Experian Info. Sols., Inc.*, No. 16-cv-05672-RS, 2017 U.S. Dist. LEXIS 69484 (N.D. Cal. Mar. 24, 2017) ("At a minimum, Coulbertson has alleged a sufficient injury-in-fact through her claim that her credit score suffered as a result of the credit report she disputes").

### COUNT I – VIOLATIONS OF FLA. STAT. §559.72(9) AGAINST VERIZON

52.     Plaintiff incorporates by reference paragraphs 2, 4-10, 27-38, 40, 42-44, 46 and 49-51 as if fully stated herein.

53.    At all relevant times to this action, Verizon is subject to and must abide by the laws of Florida, including Fla. Stat. §559.72.

54.    Verizon violated Florida Statute § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendant knew that the debt was not legitimate or asserting the existence of some other legal right when Defendant knew that right did not exist.

55.    Specifically, Verizon continued to report the collection account on Plaintiff's credit reports with Trans Union and Experian after being placed on notice in March 2024 that the information it was reporting was inaccurate and Plaintiff's credit reports with Equifax after being placed on notice in October 2024 that the information it was reporting was inaccurate.

56.    "Any person who fails to comply with any provision of   §559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with §559.72, the frequency and persistence of the non-compliance, and the extent to which the noncompliance was intentional." See Fla. Stat. §559.77(2) (emphasis added).

57.    As a result of Defendant's violations, Plaintiff suffered damages including but not limited to emotional distress and time spent addressing Defendant's fraudulent credit reporting.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Verizon in the form of actual damages, statutory damages, and punitive damages pursuant to Fla. Stat. §559.77; attorneys' fees, litigation expenses and costs of the instant suit; and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT II – VIOLATIONS OF 15 U.S.C. §1681s-2(b) AGAINST VERIZON

58.    Plaintiff incorporates by reference paragraphs 1, 3, 5-10, 14-18, 23-26 31-38, 40, 42-44, 46 and 49-51 as if fully stated herein.

59.    Verizon is a furnisher under the FCRA because it provides consumer credit information concerning consumers to credit reporting agencies.

60.    Verizon violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's March 2024 disputes and October 2024 disputes when it failed to review all relevant information provided by the credit reporting agencies.

61.    As a result of Verizon's violations of the FCRA, Plaintiff has been damaged.

62.    Plaintiff's damages include damages for mental and emotional distress associated with the Verizon account remaining on her credit report(s) following her disputes, loss of credit and the opportunity to benefit from credit, time spent dealing with credit report disputes, and the costs associated with disputes.

63.    Verizon negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

64.    Additionally, Verizon committed a willful violation of the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681n(a).

65.    Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to 15 U.S.C. §1681.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Verizon in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT III – VIOLATIONS OF 15 U.S.C. §1681c-2 AGAINST TRANS UNION

66.    Plaintiff incorporates by reference paragraphs 1, 3, 5, 6, 11, 14-16, 19-26, 31-40, 43-46 and 49-51 as if fully stated herein.

67.    At all times relevant hereto, Trans Union is and was a "consumer reporting agency" as provided for under the FCRA.

68.    At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

69.    During the relevant timeframe, Trans Union received Plaintiff's March 2024 dispute and October 2024 dispute which requested a block of fraudulent information.

70.    In response to her dispute, Trans Union continued to report the fraudulent information.

71.    Rather than block the fraudulent information, Trans Union negligently and willfully disregarded its obligations under the FCRA by merely seeking verification of the disputed account from the furnisher of that credit information and refusing to follow the FCRA requirements to block the reporting of fraudulent information in credit reports after it was presented with an identity theft report, in violation of section 1681c-2.

72.    Trans Union's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

73.    Alternatively, Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

74.    As a result of Trans Union's FCRA violations, Plaintiff suffered mental and emotional distress associated with fraudulent and inaccurate information in her credit file, damage to her reputation for credit worthiness, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Trans Union in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as

permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

## **COUNT IV - VIOLATIONS OF 15 U.S.C. §1681i**
## **AGAINST TRANS UNION**

75.     Plaintiff incorporates by reference paragraphs 1, 3, 5, 6, 11, 14-16, 19-26, 31-40, 43-46 and 49-51 as if fully stated herein.

76.     At all times relevant hereto, Trans Union is and was a "consumer reporting agency" as provided for under the FCRA.

77.     At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

78.     During the relevant time frame, Trans Union received Plaintiff's March 2024 dispute and October 2024 dispute which requested that the fraudulent and inaccurate information be removed from her credit file.

79.     Trans Union violated 15 U.S.C. § 1681i by failing to correct, update or delete fraudulent and inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

80.     Additionally, Trans Union unreasonably relied on information provided by Verizon, when readily verifiable information was provided by Plaintiff in the disputes placing Trans Union on notice that Verizon's credit information was inaccurate and unreliable.

81.     Trans Union's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

82.     Alternatively, Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

83.     As a result of Trans Union's FCRA violations, Plaintiff suffered mental and emotional distress associated with fraudulent and inaccurate information in her credit file, damage to her reputation for credit worthiness, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Trans Union in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT V - VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST TRANS UNION

84.     Plaintiff incorporates by reference paragraphs 1, 3, 5, 6, 11, 14-16, 19-26, 31-40, 43-46 and 49-51 as if fully stated herein.

85.     At all times relevant hereto, Trans Union is and was a "consumer reporting agency" as provided for under the FCRA.

86.    At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

87.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

88.    Trans Union's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

89.    In the alternative, Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

90.    As a result of Trans Union's FCRA violations, Plaintiff suffered mental and emotional distress associated with fraudulent and inaccurate information in her credit file, damage to her reputation for credit worthiness, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Trans Union in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT VI – VIOLATIONS OF 15 U.S.C. §1681c-2
## AGAINST EQUIFAX

91.     Plaintiff incorporates by reference paragraphs 1, 3, 5, 6, 13-16, 19-26 31-36, 43, 44 and 48-51 as if fully stated herein.

92.     At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

93.     At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

94.     During the relevant timeframe, Equifax received Plaintiff's October 2024 dispute which requested a block of the Verizon account and other fraudulent information.

95.     In response to her dispute, Equifax continued to report fraudulent information refusing to follow the FCRA requirements to block the reporting of fraudulent information in credit reports after it was presented with an identity theft report, in violation of section 1681c-2.

96.     Equifax's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

97.     Alternatively, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

98.     As a result of Equifax's FCRA violations, Plaintiff suffered mental and emotional distress associated with fraudulent and inaccurate information in her credit file, damage to her reputation for credit worthiness, loss of the ability to

purchase and benefit from credit, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Equifax in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT VII - VIOLATIONS OF 15 U.S.C. §1681i AGAINST EQUIFAX

99.    Plaintiff incorporates by reference paragraphs 1, 3, 5, 6, 13-16, 19-26 31-36, 43, 44 and 48-51 as if fully stated herein.

100.    At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

101.    At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

102.    During the relevant time frame, Equifax received Plaintiff's October 2024 dispute which requested that the fraudulent and inaccurate information be removed from his credit file.

103.    Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete fraudulent and inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

104.    Equifax's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

105.    Alternatively, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

106.    As a result of Equifax's FCRA violations, Plaintiff suffered mental and emotional distress associated with fraudulent and inaccurate information in her credit file, damage to her reputation for credit worthiness, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Equifax in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT VIII - VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST EQUIFAX

107.    Plaintiff incorporates by reference paragraphs 1, 3, 5, 6, 13-16, 19-26 31-36, 43, 44 and 48-51 as if fully stated herein.

108.    At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

109.   At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

110.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

111.   Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

112.   In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

113.   As a result of Equifax's FCRA violations, Plaintiff suffered mental and emotional distress associated with fraudulent and inaccurate information in her credit file, damage to her reputation for credit worthiness, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Equifax in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**<u>COUNT IX – VIOLATIONS OF 15 U.S.C. §1681c-2</u>**
**<u>AGAINST EXPERIAN</u>**

114.    Plaintiff incorporates by reference paragraphs 1, 3, 5, 6, 12, 14-16, 19-26, 31-38, 41-44, 47 and 49-51 as if fully stated herein.

115.    At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

116.    At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

117.    During the relevant timeframe, Experian received Plaintiff's March 2024 Dispute and October 2024 dispute which requested a block of the fraudulent information.

118.    In response to his disputes, Experian continued to report the fraudulent information.

119.    Rather than block the fraudulent information, Experian negligently and willfully disregarded its obligations under the FCRA by merely seeking verification of the disputed account from the furnisher of that credit information and refusing to follow the FCRA requirements to block the reporting of fraudulent information in credit reports after it was presented with an identity theft report, in violation of section 1681c-2.

120.    Experian's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

121.    Alternatively, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

122.    As a result of Experian's FCRA violations, Plaintiff suffered mental and emotional distress associated with fraudulent and inaccurate information in her credit file, damage to her reputation for credit worthiness, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Experian in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT X - VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST EXPERIAN

123.    Plaintiff incorporates by reference paragraphs 1, 3, 5, 6, 12, 14-16, 19-26, 31-38, 41-44, 47 and 49-51 as if fully stated herein.

124.    At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

125.    At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

126.   During the relevant time frame, Experian received Plaintiff's March 2024 dispute and October 2024 dispute which requested that the fraudulent and inaccurate information be removed from her credit file.

127.   Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete fraudulent and inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

128.   Experian's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

129.   Alternatively, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

130.   As a result of Experian's FCRA violations, Plaintiff suffered mental and emotional distress associated with fraudulent and inaccurate information in her credit file, damage to her reputation for credit worthiness, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Experian in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT XI - VIOLATIONS OF 15 U.S.C. §1681e(b)
## AGAINST EXPERIAN

131.    Plaintiff incorporates by reference paragraphs 1, 3, 5, 6, 12, 14-16, 19-26, 31-38, 41-44, 47 and 49-51 as if fully stated herein.

132.    At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

133.    At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

134.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

135.    Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

136.    In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

137.    As a result of Experian's FCRA violations, Plaintiff suffered mental and emotional distress associated with fraudulent and inaccurate information in her credit file, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief against Experian in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

## **JURY DEMAND**

138.    Plaintiff demands a trial by jury on all issues so triable.


Dated: March 24, 2025                    *Respectfully submitted,*

                                        **SHARMIN & SHARMIN, P.A.**

                                        */s/ Eiman Sharmin*
                                        Eiman Sharmin, Esq.
                                        eiman@sharminlaw.com
                                        FBN: 716391
                                        830 North Federal Highway
                                        Lake Worth, FL 33460
                                        Main: 561-655-3925
                                        Fax: (844) 921-1022
                                        *Attorneys for Plaintiff*